Filed 3/13/24  P. v. Epps CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082774 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE171653) |
| JEFFREY O'NEIL EPPS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Appeal Dismissed.

Laura Beth Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1998, Jeffrey O'Neil Epps pled guilty to the crime of robbery.  (Pen. Code,[1] § 211.)  He also admitted an allegation of a prior strike.  (§ 667, subd. (a).)  He was sentenced to state prison for nine years.

---

[1]     All further statutory references are to the Penal Code.

In September 2003, Epps was admitted to a state hospital as a mentally disordered offender (MDO) pursuant to section 2962. Since that time, his commitment has been extended every year pursuant to sections 2970 and 2972. In April 2023, the District Attorney's office filed a petition to extent Epps's involuntary treatment another year. In June 2023, Epps and the People waived their respective rights to a jury trial. In August 2023, at the conclusion of Epps's bench trial, the court found that Epps suffers from a severe mental disorder that is not in remission or cannot be kept in remission without treatment, and that he represents a substantial danger of physical harm to others by virtue of that severe mental disorder, and ordered that he be committed to a state hospital until August 2024.

Epps filed a timely notice of appeal.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal concerning the order continuing appellant's involuntary commitment as an MDO and requests this court to review the commitment proceedings in accord with *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.

In making this request, counsel notes the Supreme Court's decision in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), which held that the *Wende/Anders* independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.). (*Ben C.* at p. 539.) Counsel also acknowledges that in *People v. Taylor* (2008) 160 Cal.App.4th 304, the Second District

considered whether the *Wende/Anders* procedures apply to MDO commitment cases and concluded they did not. We agree with *People v. Taylor* and decline to apply *Wende/Anders* procedures to this MDO case.

In accordance with recommendations set forth in *Ben C.*, *supra*, 40 Cal.4th at page 544, counsel has prepared a brief setting forth the facts and the law, and has provided appellant with a copy of the brief and the record on appeal. Counsel informed Epps of his right to file a supplemental brief. Our court has also informed Epps of his right to file a supplemental brief, but he declined to do so.

Because appellant has failed to raise an arguable issue on appeal from an order of recommitment, we decline to retain this case (as is permitted by *Ben C.*) and instead dismiss the appeal. (*Ben C.*, *supra*, 40 Cal.4th at p. 544; *People v. Serrano* (2012) 211 Cal.App.4th 496, 501.)

DISPOSITION

The appeal is dismissed.


IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


RUBIN, J.

3